ANDREW M. ZACKS (SBN 147794)
EMILY H. LOWTHER (SBN 284943)
ZACKS & FREEDMAN, P.C.
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Tel: (415) 956-8100
Fax: (415) 288-9755
emily@zulpc.com

Attorneys for Plaintiff
1049 Market Street, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| 1049 MARKET STREET, LLC, a California Limited Liability Company,<br><br>     Plaintiffs,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO, PLANNING DEPARTMENT OF THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF BUILDING INSPECTION, SAN FRANCISCO BUILDING INSPECTION COMMISSION, SAN FRANCISCO BOARD OF APPEALS, and DOES 1-50,<br><br>     Defendants. | Case Number: 4:15-cv-02075-JSW<br><br>**PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date:   October 2, 2015<br>Time:  9:00 a.m.<br>Place:  Oakland Courthouse, Ctrm 5<br><br>Trial Date:  TBD |

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

## TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................................................iii

SUMMARY OF THE ARGUMENT..........................................................................v

STATEMENT OF ISSUES...........................................................................................1

FACTUAL AND PROCEDURAL HISTORY.........................................................1

ARGUMENT...................................................................................................................2

    I.       YOUNGER ABSTENTION IS NOT APPROPRIATE
           IN THIS CASE.....................................................................................2

           A.    *Younger* Abstention Does Not Apply When the
                   Federal Case Would Not Interfere with a State
                   Action or When the Challenge is to Legislative
                   Acts By Local Agencies.................................................2

           B.    Even if the Court Determines that *Younger* Abstention Principles
                   Apply, It Must Stay the Causes of Action for Damages Until the
                   Completion of the State Action..................................3

           C.    If The Court Finds Abstention is Appropriate,
                   It Should Invoke *Pullman* Abstention...................4

    II.      PLAINTIFF HAS PROPERLY PLED ITS FEDERAL
           CLAIMS UNDER U.S.C § 1983.......................................................5

           A.    Plaintiff Has More Than Adequately Pled a Cause
                   of Action For a "Class of One" Equal Protection Claim..............6

           B.    Plaintiff Has More Than Adequately Pled a Cause
                     of Action For Violation of Due Process................................8

                1.    Substantive Due Process................................8

                2.    Procedural Due Process................................10

           C.    Plaintiff Has Alleged a Valid Claim for Violation
                   of the Ex Post Facto Clause..........................................12

    III.   PLAINTIFF HAS PROPERLY PLED ITS
           CLAIMS FOR WRIT RELIEF.......................................................13

    IV.   PLAINTIFF'S CLAIMS ARE RIPE FOR REVIEW...................14

V.    PLAINTIFF REQUESTS LEAVE TO AMEND IF THE COURT
      DETERMINES THAT ITS FACTUAL ALLEGATIONS
      DO NOT FULLY SUPPORT ITS CAUSES OF ACTION;
       PLAINTIFF REQUESTS LEAVE TO AMEND TO
      ADD A CAUSE OF ACTION FOR VIOLATION
      OF THE FIFTH AMENDMENT.................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ZACKS & FREEDMAN, P.C.**
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

1

### <u>TABLE OF AUTHORITIES</u>

2

**<u>Federal Cases</u>**

3

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)………………………………………...6

4

*Board of Regents v. Roth*, 408 U.S. 564 (1972)……………………………………………....11

5

6

*Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*,
   344 F.3d 822 (9th Cir. 2003)……………………………………………...v, 14

7

8

*Columbia Basin Apartment Ass'n v. City of Pasco,*
   268 F.3d 791 (9th Cir. 2001)…………………………………………….....4

9

*Calder v. Bull*, 3 U.S. 386 (1798)………………………………………………………...12

10

11

*Del Monte Dunes at Monterey, Ltd. v. City of Monterey*,
   920 F.2d 1496 (9th Cir. 1990)…………………………………………….....v, 8-9

12

*Engquist v. Oregon Dept. of Agriculture*, 478 F.3d 985 (9th Cir. 2007)……………….........8

13

*Gilbertson v. Albright* (9th Cir. 2004) 381 F.3d 965…………………………………....v, 2-3

14

15

*Harris v. County of Riverside*, 904 F.2d 497 (1990)…………………………………11, 13, 14

16

*Hotel & Motel Ass'n of Oakland v. City of Oakland*,
   344 F.3d 959 (9th Cir. 2003)……………………………………………...10-11

17

18

*Landgraf v. USI Film Products,* 511 U.S. 244 (1994)…………………………...…v, 12-13

19

*Lucas v. S.C. Coastal Counsel* 505 U.S. 1003 (1992)………………………………..v, 13

20

21

*New Orleans Pub. Service, Inc. v. Council of City of New Orleans*
   491 U.S. 350 (1989)………………………………………………………....v, 3

22

*Nollan v. California Coastal Commission*, 483 U.S. 825 (1987)…………………………...8, n.2

23

*Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941)…………………………………v, 4-5

24

25

*San Remo Hotel v. City and County of San Francisco*,
   145 F.3d 1095 (9th Cir. 1998)………………………………………………........4

26

*Shanks v. Dressel*, 540 F.3d 1082 (9th Cir. 2008)……………………………………......8-9

27

*Thornton v. City of St. Helens,* 425 F.3d 1158 (9th Cir. 2005)……………………….......5

28

*U.S. v. Stevens*, 559 U.S. 460 (2010)……………………………………………v, 13

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)……………………….............v, 5, 7

*Younger v. Harris* (1971) 401 U.S. 37……………………………………….…...2-3

**California Cases**

*Glendale City Employees Ass'n v. City of Glendale,*
         15 Cal.3d 328 (1975)…………………………………………………….....15

**Federal Statutes**

42 U.S.C § 1983……………………………………………………….....3, 5-6, 14-15

**SUMMARY OF THE ARGUMENT**

Defendant CCSF (the "City") ignores controlling cases and misleadingly argues that dismissal of the action is required pursuant to *Younger* abstention.  The facts of this case and the case law do not support dismissal based on *Younger* principles.  Plaintiff does not seek to enjoin a state court action and because legislative acts by the government are being challenged, *Younger* abstention is inappropriate. *New Orleans Public Service Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368-370 (1989). If the Court determines that *Younger* applies, it may not dismiss Plaintiff's claims at law; it instead must stay Plaintiff's causes of action for damages until the state court proceeding is complete. *Gilbertson v. Albright*, 381 F.3d 965, 968, 980-981 (9th Cir. 2004). Moreover, Plaintiff asserts that if the Court is to abstain on any basis, it should do so under *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941). The City also argues that Plaintiff fails to state facts sufficient to state claims for damages under 42 U.S.C 1983, as well fails to assert a valid facial challenge to the ordinance at issue (the "2015 Controls"). These contentions, too, are wrong. In its complaint, Plaintiff has asserted a detailed, fact-specific history supporting its claims for damages, and there is no question that City's arbitrary, vindictive, and malicious action against Plaintiff is a violation of the ex post facto clause (*Landgraf v. USI Film Products,* 511 U.S. 244), as well as Plaintiff's due process (*Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 920 F.2d 1496, 1508 (9th Cir. 1990)) and equal protection rights (*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)) under the U.S. Constitution.  Further, under no set of circumstances can the 2015 Controls be valid because it destroys all economically viable use of the Property (*Lucas v. S.C. Coastal Counsel* 505 U.S. 1003, 1015-16 (1992)) and it deprives all subject to it of a vested property interest without due process. *U.S. v. Stevens*, 559 U.S. 460, 473 (2010). Finally, Plaintiff's claims are ripe for review. *Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 832 (9th Cir. 2003).  The Court should deny the City's motion to dismiss.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

## STATEMENT OF ISSUES

Defendants motion presents the following issues: (1) Should the Court abstain from resolving this case and dismiss all equitable and damages causes of action to allow the state courts to address any state-law issues; (2) Does the complaint state claims under 42 U.S.C. § 1983 for violations of equal protection, due process, and the *ex post facto* clause; (3) Does the complaint properly plead claims for writ relief; and (4) Are Plaintiff's claims ripe for review?  As detailed below, none of these grounds warrant dismissal of any or all of Plaintiff's claims, or the court's abstention.

## FACTUAL AND PROCEDURAL HISTORY

1049 Market, LLC. ("Plaintiff") is the owner of the real property commonly known as 1049 Market Street, San Francisco, CA.  ("1049 Market" or "the Property").  Complaint ¶ 10. Currently, thirty-two of the units at the Property are occupied illegally as residential spaces ("Subject Units"), despite these tenants having had commercial leases.  *Id.* ¶ 11.  Due to the tenants' illegal residential use of the Property, Defendant Department of Building Inspection ("DBI") issued two notices of violation ("NOV") for 1049 Market, first in 2007, and again in 2013.  *Id.* ¶¶ 12, 19.  As such, on August 2, 2013, Plaintiff applied for and received a permit (the "Permit") from DBI authorizing Plaintiff to recover possession of 1049 Market by altering the Subject Units to permanently remove the illegal residential use from the building.  *Id.* ¶ 21. After the Permit had become final, Plaintiff took out a high interest loan (the "Loan"), which required Plaintiff to correct the NOVs and achieve conforming office space within the next 18 Months, and in order to recover possession of the Property, Plaintiff properly served the tenants in the Subject Units with notices of termination ("NOT"), as required by local eviction law.  *Id.* ¶¶ 22, 24, 35.

As soon as Plaintiff served the first round of NOTs, the City formulated a plan to prevent Plaintiff from acting on its rights under the Permit, which it initiated by suspending the Permit.  *Id.*

at ¶¶ 26-29, 31-32.   Follow the suspension of Plaintiff's Permit, the City did nothing related to the Permit for almost a year and a half and instead continued to systematically and maliciously target Plaintiff and prevent Plaintiff from exercising its vested rights under the Permit by: arbitrarily delaying the suspension of the Permit in order to enact the unconstitutional and unlawfully retroactive 2015 Controls (which the City admits were targeted at Plaintiff), forging documents, and actively preventing Plaintiff from enjoying any economically viable use of the Property.  *Id.* ¶¶ 37-78.

On February 2, 2015, almost a year and a half after the suspension of the Permit – and only in response to Plaintiff's demand it take action – the City released the suspension.  *Id.* at 67.  In its release, the City acknowledged that the suspension was not delayed for purposes of any alleged "study" it was conducting concerning a potential abandonment under the local codes, but because it was waiting for Plaintiff to buckle under the pressure of the City's politically motivated demands.  *Id.* at ¶ 62, 67; Exh. G to Complaint.  The release of the suspension of the Permit was short-lived, however, as it was appealed by the former tenants at the Property the day after it was issued (the "Appeal").  *Id.* at ¶. 68.  On April 8, 2015, the City granted the Appeal and overturned the reinstatement of the Permit on arbitrary grounds related to the original issuance of the Permit, the challenge period of which had lapsed years earlier.  *Id.* ¶ 75.

## ARGUMENT

### I.       YOUNGER ABSTENTION IS NOT APPROPRIATE IN THIS CASE.

#### A.       *Younger* Abstention Does Not Apply When the Federal Case Would Not Interfere with a State Action or When the Challenge is to Legislative Acts By Local Agencies.

As a threshold condition, *Younger* principles apply only when the relief the plaintiff seeks in federal court would interfere with pending state judicial proceedings. *Gilbertson v. Albright,* 381 F.3d 965, 968 (9th Cir. 2004). Further, while *Younger* abstention may be appropriate

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

in certain cases when the federal claims seek relief from administrative proceedings that are judicial in nature, *Younger* abstention does not apply to such claims that are legislative in nature. *New Orleans Public Service Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368-370 (1989). Here, Plaintiff does not seek to enjoin the state action, it seeks to enforce its remedies in both courts. Moreover, Plaintiff challenges, and seeks damages relating to series of actions by the City that partly includes legislative action – the 2015 Controls. Complaint ¶¶ 79-105. Therefore, it is irrelevant that the State Action also addresses issues related to the present action (see, Request for Judicial Notice in Support of Opposition to Motion to Dismiss (RJN), filed July 13, 2015); as Plaintiff does not seek to enjoin the state action and in part seeks to challenge the City's legislative acts, abstention under *Younger* is not warranted.

   **B.   Even if the Court Determines that *Younger* Abstention Principles Apply, It Must Stay the Causes of Action for Damages Until the Completion of the State Action.**

   When a federal plaintiff files claims for damages under 42 U.S.C § 1983, and a court determines a *Younger* abstention is appropriate on the claims, it must stay the action until the state proceedings are completed, **not dismiss it**. *Gilbertson v. Albright*, 381 F.3d 965, 968, 980-981 (9th Cir. 2004). In *Gilbertson*, the federal plaintiff filed causes of action for damages under 42 U.S.C § 1983, alleging that the decision of an Oregon State Board to revoke his license violated his civil rights. *Gilbertson,* 381 F.3d at 968. The district court dismissed the action on the basis of *Younger* abstention, but the appellate court reversed, holding that while *Younger* abstention principles applied to the case, the claims for damages should be stayed rather than dismissed. *Id.* at 968, 980-981. Here, as in *Gilberston*, Plaintiff's first three causes of action are claims for damages under federal law. (Complaint ¶¶ 79-96) Thus, if the Court determines these causes of action are subject to *Younger* principles, they must be stayed until the conclusion of the State Action, **not** dismissed.

1

2

**C.     If The Court Finds Abstention Appropriate, It Should Invoke _Pullman_ Abstention.**

3

4

While Plaintiff asserts that abstention is not warranted in this case, if the Court  finds

5

abstention appropriate, it should abstain under _Railroad Comm'n v. Pullman Co._, 312 U.S. 496

6

(1941) (hereinafter "_Pullman_"), and stay all Plaintiff's causes of action, not dismiss them.

7

_Pullman_ abstention is appropriate when: "(1) the federal plaintiff's complaint requires resolution

8

of a sensitive question of federal constitutional law; (2) the constitutional question could be

9

mooted or narrowed by a definitive ruling on the state law issues; and (3) the possibly

10

determinative issue of state law is unclear." _San Remo Hotel v. City and County of San Francisco_,

11

145 F.3rd 1095, 1104 (9th Cir. 1998) (hereinafter "_San Remo_"), (citations omitted).  A federal

12

plaintiff may invoke _Pullman_ abstention.  _Id._ at 1104-1105.  Once abstention under _Pullman_ is

13

invoked in the district court, the "federal plaintiff must then seek a definitive ruling in the state

14

courts on the state law questions before returning to the federal forum."  _Id._ at 1104 (citations

15

16

omitted).

17

If any abstention is warranted in this case, it is abstention under _Pullman_.  Plaintiff's

18

damages will be in part determined by the outcome of the state writ proceeding.  All Plaintiff's

19

causes of action meet the first prong of _Pullman_ abstention as all claims arise out of the City's

20

arbitrary and malicious interference with Plaintiff's vested property rights in order to (unlawfully)

21

regulate a landlord-tenant matter.  There is no question that landlord-tenant regulation (under the

22

guise of land use planning) has been held to be a "sensitive area of social policy that meets the first

23

requirement for _Pullman_ abstention."  _Columbia Basin Apartment Ass'n v. City of Pasco_, 268 F.3d

24

791, 802 (9th Cir. 2001); also see, _San Remo_, 145 F.3rd at 1105.The second and third prongs of

25

_Pullman_ are likely met as well: the gist of Plaintiff's federal case is based on the City's acts

26

leading up to the enactment and the enactment of the 2015 Controls, which were intended to

27

deprive Plaintiff of any economically viable use of the Property and of its vested rights under the

28

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

Permit.  Complaint ¶¶ 26-78.  In the State Action, the constitutionality of the 2015 Control is uncertain: Plaintiff asserts that the City violated its fundamental vested rights by revoking the Permit on improper legal grounds and by enacting the 2015 Controls, which deprive Plaintiff of a principally permitted use of its Property.  Exh. A to RJN. Plaintiff also contends, on similar bases, that the 2015 Controls and unlawful deprivation of the Permit amounted to a taking of its property for public use without just compensation. *Id.* Plaintiff's vested rights and inverse condemnation claims will require the state court to determine whether the 2015 Controls unconstitutionally deprived Plaintiff of its rights under state law, and thus a state court ruling in Plaintiff's favor may narrow the issues presented in Federal Court. Thus, if any abstention is warranted in this action, it is an abstention under *Pullman*, and this Court must stay the action, *not* dismiss.

## II.   PLAINTIFF HAS PROPERLY PLED ITS FEDERAL CLAIMS UNDER U.S.C § 1983.

On a Rule 12(b)(6) motion to dismiss, the court must accept as true all non-conclusory allegations and then evaluate whether plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-556 (2007).  To prevail on its claims under U.S.C § 1983, Plaintiff must establish that the City's alleged actions deprived it of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *Thornton v. City of St. Helens,* 425 F.3d 1158, 1163-64 (9th Cir. 2005) Local zoning actions rise to the level of a constitutional deprivation when those actions single out a landowner for oppressive treatment and are motivated by vindictiveness, illegitimate animus, and retaliation, such as is the case here.[1] *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (hereinafter, "*Olech*").  As detailed below, Plaintiff has asserted *many specific* allegations showing the City's illegitimate animus, malicious and vindictive actions related to the revocation of the

---

[1] Pursuant to Local Rule 3-4(e) and CRC 8.1115(a), Plaintiff objects to the City's citation of an unpublished opinion, *Regan Carroll Trust v. City and County of San Francisco*, (2008 WL 4544349) (N.D. Cal. Sept. 30, 2008). (Motion to Dismiss at p.8)

Permit and enactment of the 2015 Controls. Complaint ¶¶ 26-78. Thus, despite the City's contention to the contrary, there is no bar to Plaintiff's claims for damages relating to the City's regulatory scheme under 42 U.S.C § 1983.

### A. Plaintiff Has More Than Adequately Pled a Cause of Action For a "Class of One" Equal Protection Claim.

The City bases its motion to dismiss Plaintiff's equal protection claim on two grounds, both of which are defective, and one of which is just plain untrue. The City asserts (1) the face of the Complaint "demonstrates that San Francisco's adoption of the 2015 Controls easily satisfies the rational basis test" and (2) in the justifiable exercise of its discretion, "San Francisco suspended Plaintiff's permit pursuant to the 2015 Controls." Opp. pp. 10:9-24, 11:15-16.

As to the latter contention, this statement is patently false: the City *did not* suspend Plaintiff's Permit on the basis of the 2015 Controls. The City suspended Plaintiff's Permit on the basis that the San Francisco Planning Code "may" deem 1049 Market's principally permitted use abandoned, despite there not being any legal justification for doing so. Complaint ¶ 36; Exh. D to Complaint. The actions by the City that followed the suspension of the Permit are the actions Plaintiff alleges violate its equal protection rights: the arbitrary delay in reinstatement of the Permit in order to maliciously target Plaintiff by enacting the unconstitutional 2015 Controls, accompanied by the City's attempts to damage Plaintiff in its business, culminating in the revocation of the Permit – after it had vested – on improper grounds, all to bludgeon Plaintiff with the City's political agenda of forcing plaintiff to provide rent free housing to politically favored constituents.   Complaint ¶¶ 39, 44, 64, 69, 70, 85-86.

As such, Plaintiff properly asserts a class of one equal protection claim. To properly allege a "class of one" equal protection claim, a plaintiff must allege it was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564 (2000). In *Olech*, the property owner plaintiff alleged that

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

defendant municipality violated the Equal Protection clause when it irrationally and arbitrarily required her to grant them an abnormally large easement in order to connect her property to the local water supply. *Id.* at 563. The plaintiff in *Olech* alleged this abnormal requirement was motivated by ill will resulting from her previous filing of an unrelated unsuccessful lawsuit against the municipality. *Ibid.* In reversing the dismissal of the case, the Supreme Court found that (1) the complaint could fairly be construed as alleging that the municipality intentionally had singled plaintiff out and treated her differently from other similarly situated; and (2) this allegation, combined with the allegations in the complaint that the municipality's demand was "irrational and wholly arbitrary" were sufficient to state a claim for relief as a "class of one" under traditional equal protection analysis. *Id.* at 564-565.

As in *Olech*, Plaintiff has properly alleged a "class-of-one" claim. By arbitrarily delaying the reinstatement of the Permit in order to enact the 2015 Controls, the City has intentionally, irrationally, and arbitrarily singled out Plaintiff for legislative targeting, which is not only supported by substantial evidence in the record, but which the City itself has admitted. Complaint ¶ 26-78, 70. In suspending the Permit, the City alleged it wanted to conduct a "study" regarding abandonment of a principally permitted use. Complaint ¶ 36; Exh. D to Complaint. In enacting the Controls that followed, the City alleged it wanted to conduct a "study" regarding illegal residential use in commercially zoned buildings. Complaint ¶ 32; Exh. H to Complaint. Neither of these "studies" were ever conducted, and the City, in releasing the suspension of the Permit, admitted that the delay in releasing the Permit was unrelated to the alleged "study," but in fact was because it was waiting for Plaintiff to buckle under its politically-motivated pressure. Complaint ¶ 67; Exh. G to Complaint. Thus, the standard under *Olech* has been met.

The complaint adequately states a constitutional violation by specifically detailing a course of conduct designed to prevent plaintiff from curing longstanding code violations with the intent of

forcing plaintiff to indefinitely provide rent free housing to politically powerful tenant constituent groups. The complaint's detailed allegations easily rebut any alleged rational basis proffered by the City. *Engquist v. Oregon Dept. of Agriculture*, 478 F.3d 985, 993 (9th Cir. 2007). As alleged, the 2015 Controls are arbitrary and under inclusive in that they were intended only to apply to Plaintiff – a fact that the City has admitted more than once, and is as well clearly demonstrated by substantial evidence from the record. Complaint ¶ 26-78.  As such, and as alleged, any rational basis is merely pretext.[2]  *Id.* at ¶¶ 86-87.  The City cannot hide under any alleged "rational basis" it purports to have after it has admitted its own intent to target Plaintiff by depriving it of its historically permitted commercial use and by irrationally compelling plaintiff to maintain non-code compliant residential uses that are without any economic viability.

   **B.     Plaintiff Has More Than Adequately Pled a Cause of Action For Violation of Due Process.**

   **1.     Substantive Due Process**

   "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).  "Where a property owner contends that it has been unconstitutionally deprived of property through a governmental regulation, motions to dismiss and motions for summary judgment must be viewed with particular skepticism."  *Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 920 F.2d 1496, 1508 (9th Cir. 1990).  When a plaintiff alleges a "sudden change in course, malice, bias [or] pretext" there is a triable issue of fact as to whether the defendant's purpose was truly legitimate. *Shanks*, 540 F.3d at 1088.

---

   [2]  In any event, the City's alleged rational basis is unlawful as the City may not single out Plaintiff (which it has already admitted to) to bear the burden of remedying the problems that the City seeks to correct that are not of Plaintiff's own making, and such action is a violation of equal protection in and of itself.  *Nollan v. California Coastal Commission*, 483 U.S. 825, 835 n. 4 (1987); *Del Monte Dunes at Monterey, Ltd. v. City of Monterey* 920 F.2d 1496, 1509 (9th Cir. 1990).

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

*Del Monte Dunes* is illustrative.  In *Del Monte Dunes*, the plaintiffs applied for a permit to develop a 190-unit project.  *Del Monte Dunes,* 920 F.2d at 1499.  The City of Monterey initially agreed to grant the permit, provided that 15 different conditions were met.  *Id*. at p. 1508.  Plaintiff had substantially met these conditions, and the City of Monterey agreed that plaintiff had met these conditions.  *Ibid*.  However, despite meeting these conditions, the City of Monterey "abruptly changed course . . . giving only broad conclusory reasons," and ultimately denied Plaintiff his Permit.  *Ibid*.  In reversing the district court's decision to dismiss the due process claim for failure to state a cause of action, the court in *Del Monte Dunes* reasoned "[w]e cannot say at this stage of the proceeding that the actions of the city council, which we have detailed above, were not arbitrary and irrational, and thus, a violation of appellants' substantive due process rights.  This issue must await determination after a trial on the merits."  *Ibid*.

Here, Plaintiff's substantive due process claim as pled presents triable issues of fact and must await determination after a trial on the merits.  Plaintiff has given numerous specific factual examples of the City's malicious actions against it (Complaint ¶¶ 26-78), which include the City's "sudden change in course" with regards to allowing Plaintiff to exercise its vested rights under its historic zoning classification and the Permit.  Complaint ¶¶ 13-78.  Prior to issuing Plaintiff the Permit, the City consistently rebuffed Plaintiff's attempts to establish lawful residential use at 1049 Market. *Id*. at ¶¶ 13-20.  Once the Permit was issued, and Plaintiff initiated efforts to comply with the City's own demands by initiating evictions through service of NOTs on the tenants, the City abruptly changed course by suspending the Permit the very day the second round of NOTs were served, and later proceeded to take further action to prevent Plaintiff from exercising its rights under the Planning Code and the Permit by enacting the 2013 and 2015 Controls, which the City admits were targeted at Plaintiff.  Complaint ¶¶ 26-78.  The communications between the City agents about Plaintiff and 1049 Market demonstrate their bias against Plaintiff, and there is

ample evidence alleged that the City's suspension of the Permit was prolonged in an attempt to devalue the Property, impose harm on Plaintiff, and keep Plaintiff from exercising its right to use the property in an economically viable way. *Ibid.* The City went so far as to forge documents as part of its unconstitutional conduct. *Id.* at ¶ 61. Thus, Plaintiff has adequately pled a cause of action for denial of substantive due process and the City's motion to dismiss this claim should be denied.

### 2.    Procedural Due Process

Defendant's assertion that Plaintiff fails to state a claim for procedural due process is based on the contentions that (1) legislative acts by governmental are not subject to procedural due process requirements and that (2) Plaintiff was afforded "ample due process" in challenging the City's suspension of it Permits. For the reasons detailed below, both of these assertions fail.

Here, Plaintiff alleges the City directly targeted Plaintiff by enacting the 2015 Controls. The City not only admits this, but Plaintiff's Complaint paints a fact-specific history leading up to the City's enactment of the 2015 Controls, in which the City successfully prevented Plaintiff from removing the illegal residential use from its Property, after previously insisting it do just the opposite. Complaint ¶ 26-78. While it may be true that "if the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law," the acts complained of here are hardly indicative of a legislative body performing its responsibilities in a "normal manner prescribed by law." *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 969 (2003) (hereinafter *Hotel & Motel*). It is *not* "normal" for a government agency to draft a piece of legislation specifically to target and single out one party, as the City has done here. In recognizing this principle, the Court in *Hotel & Motel* stated: "**[N]otwithstanding an action's outward appearance as a legislative act, greater procedural rights may attach where only a few persons are targeted or affected and the**

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

1    state's action "exceptionally affect[s]" them "on an individual basis." *Hotel & Motel,* 344

2    F.3d at 969 (emphasis added).

3        This describes the exact scenario as alleged in this case.  The City, unhappy with its

4    decision to issue Plaintiff the Permit, singled out and targeted Plaintiff by enacting the 2015

5    Controls, which deemed it's principally permitted use of the Property abandoned, and thereafter

6    revoked the Permit thereby depriving Plaintiff of its property rights without due process of law.

7    Complaint ¶¶ 26-78, 90-95.  Thus, as the 2015 Controls were intended to apply only to Plaintiff

8    and the Controls "exceptionally affect" Plaintiff "on an individual basis," the City may not hide

9

10   under the ruse of a "legislative act" to escape giving Plaintiff its due process rights.

11       It is also untrue, as the City contends, that Plaintiff got "ample due process" with regards to

12   challenging the actions taken by the City on the Permit.  The requirements of procedural due

13   process apply to government deprivation of property interests. *Board of Regents v. Roth,* 408 U.S.

14   564, 569 (1972); *Harris v. County of Riverside,* 904 F.2d 497 (1990).  As alleged, the City

15   deprived Plaintiff of its property interests through its arbitrary delay in releasing the suspension of

16   the Permit, unlawful revocation of the Permit, and via the enactment of the 2015 Controls which

17

18   directly targeted Plaintiff and which deprived plaintiff of its principally permitted use of its

19   property.  Complaint ¶¶ 26-78.  Indeed, there was *no notice* to Plaintiff of the October 16, 2013,

20   meeting of the BIC, in which the City specifically addressed the Permit, evictions at the Property,

21   and formulated its plan to prevent Plaintiff from acting on its vested rights under the Permit.

22

23   Complaint at ¶ 31.  The City cannot splice Plaintiff's alleged due process violation against it with

24   regards to the revocation of the Permit as separate and distinct from the enactment of the 2015

25   Controls, which were aimed at keeping Plaintiff from ever acting upon its vested rights in the

26   permit.  *Id.* at ¶ 91. As alleged, the City's actions, both legislative and adjudicatory, were a

27

28   streamlined attempt to deprive Plaintiff of his property rights, and which succeeded in depriving

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

1    Plaintiff of its property rights.  Thus, Plaintiff has easily stated a cause of action for violation of

2    procedural due process and the City's motion to dismiss the claim must be denied.

3    **C.    Plaintiff Has Alleged a Valid Claim for Violation of the Ex Post Facto Clause.**

4    The Constitution prohibits *ex post facto* laws, or the retroactive imposition of criminal

5    liability.  An *ex post facto* law is a "law that makes an action, done before the passing of the law,

6    and which was innocent when done, criminal; and punishes such action."  *Calder v. Bull*, 3 U.S.

7    386, 390 (1798).  The City's assertion that "the *ex post facto* clause applies only to criminal

8    statutes" is wrong.  See, Motion to Dismiss pp. 8:28-9:1.  In *Landgraf v. USI Film Products,* 511

9    U.S. 244, the plaintiff filed an action in the district court, asserting the defendant had sexually

10   harassed her creating a hostile work environment in violation of Title VII of the Civil Rights Act

11   of 1964, and that as such, her leaving the company was constructive discharge.  *Landgraf*, 511

12   U.S. at 249.  The district court concluded that the defendant had in fact created a hostile work

13   environment, but that she had not been constructively discharged.  *Ibid.* Plaintiff appealed, and

14   while her appeal was pending, the President signed into law the Civil Rights Act of 1991.  *Ibid.*  In

15   pertinent part, the Civil Rights Act of 1991 amended the Civil Rights of Act 1964 to include an

16   award of punitive damages against a liable employer.  *Ibid.*  Plaintiff asserted that in light of the

17   new legislation, her case should be remanded back to the district court for a jury trial on damages.

18   *Ibid.*  The Court of Appeal disagreed, and the Supreme Court affirmed, in part reasoning that

19   because the new Act authorized the recovery of punitive damages, which, the court reasoned,

20   shared "key characteristics with criminal sanctions," the retroactive application of these sanctions

21   would raise serious questions under the *ex post facto* clause.  *Id.* at 281.

22   Here, it's not even necessary to make the jump to retroactive imposition of sanctions that

23   "share characteristics" with criminal penalties, as retroactive application of the 2015 Controls will

24   subject Plaintiff to *actual* criminal penalties.  As alleged, the retroactive application of the 2015

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

Controls render the eviction notices that Plaintiff served on its former tenants – which was lawful at the time of service – unlawful and subject Plaintiff to criminal penalties under San Francisco's rent ordinance.  Complaint ¶ 81.   Plaintiff's former tenants have already filed multiple lawsuits against it based on the invalidity of the Permit, which the 2015 Controls deem to invalidate.  *Ibid*. Thus, Plaintiff has stated a valid cause of action for violation of the *ex post facto* clause and the City's motion to dismiss must be denied.

## III.   PLAINTIFF HAS PROPERLY PLED ITS CLAIMS FOR WRIT RELIEF.

The City only opposes Plaintiff's facial challenge to the 2015 Controls, thus it concedes that Plaintiff asserts a valid as-applied challenge.  To succeed in a "typical facial attack," a plaintiff must either show that the legislation at issue "lacks any plainly legitimate sweep" or "that no set of circumstances exists under which [the legislation] would be valid."  *U.S. v. Stevens*, 559 U.S. 460, 473 (2010) (internal quotations and citations omitted).

The 2015 Controls, in pertinent part, state: "any commercial use that has been converted in whole or in part to residential use without benefit of a permit **shall be deemed abandoned.**"  Exh. H to Complaint, p.4 (emphasis added).  Thus, the 2015 Controls deprive all owners subject to it of the principally permitted use of their property without due process.  Depriving one of their property rights without due process offends the U.S. Constitution. See, *Harris,* 904 F. 2d at 503; *Landgraf*, 511 U.S. at 266.  None of the City's litany of land use cases stand for the proposition that a government may take away property rights without due process (let alone *any* process), such as is the case here.  Under no set of circumstances can the 2015 Controls be valid because it destroys all economically viable use of the Property (*Lucas v. S.C. Coastal Counsel* 505 U.S. 1003, 1015-16 (1992)) and it deprives all subject to it of a vested property interest without due process. *U.S. v. Stevens*, 559 U.S. 460, 473 (2010). Thus, Plaintiff has stated a valid claim for writ relief.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

**IV.    PLAINTIFF'S CLAIMS ARE RIPE FOR REVIEW.**

The City contends Plaintiff's claims are not ripe because there has been no "final determination" on the status of the Permit and the Property – specifically, a decision granting or denying a conditional use authorization for the reestablishment of 1049 Market's principally permitted commercial use.   Motion to Dismiss, p. 14:23-27. However, insofar as a final determination on the Permit goes – the City is wrong that there has not been a final determination: the Board of Appeals upheld the suspension of the Permit on April 8, 2015, and denied Plaintiff a rehearing on the matter on May 6, 2015.  Complaint ¶¶ 75, 78.  Thus, the determination on the status of the Permit is final.

Further, insofar as the status of the legal and/or principally permitted use of the Property goes, the "final determination" standard does not serve to bar 42 U.S.C. § 1983 claims which arise in the context of land use disputes and are bound up in allegations of retaliation. *Harris*, 904 F.2d at 501; *Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 832 (9th Cir. 2003).  In *Harris*, the court of appeals held that a landowner's constitutional claims were ripe for review although no final decision had been made on the development permitted on his land, because "[u]nquestionably, the County's decision rezoning his land deprived Harris of the land's commercial use." *Harris*, 904 F.2d at 501.

The same is true here. Plaintiff seeks recognition of historically permitted commercial use. It does not seek or require a development permit, as in the cases cited by the City.    Plaintiff alleges that the City's retaliatory conduct caused it injury by delaying the reinstatement of the Permit in order to force Plaintiff to resort to a costly, lengthy, and uncertain conditional use authorization process via the 2015 Controls, which unlawfully deprived Plaintiff of the principally permitted use of its Property that had existed for 100 years.    Complaint ¶ 26-78.  This alleged injury is independent from any damages that might have resulted from a "final determination"

handed down through the conditional use authorization process. *See Carpinteria*, 344 F.3d at 829 ("Even if the County relented today and issued all of the permits . . . [the landowner] still would have been injured by the treatment he received and which caused him harm.").  Thus, because Plaintiff's constitutional damages claims are all predicated on the retaliatory conduct and delay-based injury, all its claims are ripe for review.

Finally, Plaintiff's as-applied challenge to the 2015 Controls is also ripe for review as the "remedy" to re-establish the commercial use of its Property is an inadequate remedy as it is the source of the asserted injury and thus Plaintiff is not required to exhaust it.  (Complaint ¶ 103. Exhaustion of administrative remedies is not required when the administrative remedy is inadequate or when the administrative procedure themselves are the source of the asserted injury. *Glendale City Employees Ass'n v. City of Glendale,* 15 Cal.3d 328, 342 (1975). As alleged, Plaintiff has been injured by the imposition of the conditional use requirement after the unlawful deprivation of the principally permitted use of its Property; thus, Plaintiff is not required to exhaust it, and the as-applied challenge is ripe for review.

**V.    PLAINTIFF REQUESTS LEAVE TO AMEND IF THE COURT DETERMINES THAT ITS FACTUAL ALLEGATIONS DO NOT FULLY SUPPORT ITS CAUSES OF ACTION; PLAINTIFF REQUESTS LEAVE TO AMEND TO ADD A CAUSE OF ACTION FOR VIOLATION OF THE FIFTH AMENDMENT.**

For the reasons discussed above, Plaintiff contends it has more than adequately pled its federal claims for damages under 42 U.S.C. § 1983 and its facial and as applied challenges to the 2015 Controls.  If, however, the Court determines that there is any factual deficiency that can be fixed by truthful allegations consistent with the theories discussed above, Plaintiff respectfully requests leave to amend its complaint.   Finally, Plaintiff respectfully requests leave to amend to add a cause of action for an unlawful taking in violation of the Fifth Amendment of the U.S. Constitution.

//

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  August 3, 2015

ZACKS & FREEDMAN, P.C.
235 Montgomery Street, Suite 400
San Francisco, CA 94104


    ___/s/ Emily H. Lowther___
Andrew M. Zacks
Emily H. Lowther
Attorneys for Plaintiff
1049 MARKET STREET, LLC.

ZACKS & FREEDMAN, P.C.
235 MONTGOMERY STREET, SUITE 400
SAN FRANCISCO, CALIFORNIA 94104