IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1049 MARKET STREET LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C 15-02075 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND STAYING MATTER** |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant City and County of San Francisco (the "City"), Board of Supervisors of the City and County of San Francisco, Planning Department of the City and County of San Francisco, San Francisco Department of Building Inspection, San Francisco Building Inspection Commission, and San Francisco Board of Appeals (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for October 2, 2015 is HEREBY VACATED. The Court HEREBY GRANTS IN PART the motion to dismiss and STAYS the matter pursuant to the *Pullman* abstention doctrine.

**BACKGROUND**

This case involves a local land use dispute between the owner of 1049 Market Street ("Plaintiff") and Defendants. Plaintiff owns the six-story building on Market Street in San Francisco that was originally constructed for commercial use but has, over the years, been converted to live-work spaces, largely without permits from the City. Upon receiving complaints about the building,

the City commenced complex enforcement proceedings against Plaintiff, and later adopted Controls to address the situation. Plaintiff has filed two complaints, one in this Court and one in the Superior Court of the County of San Francisco ("State Court Action"), challenging the same government conduct and seeking the same or similar relief. Each of the lawsuits challenges the City's adoption of Interim Controls and damages in identical amounts related to the suspension of the City's Permit.

The Court shall address additional relevant facts in the remainder of this order.

## ANALYSIS

**A.    Applicable Legal Standards.**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A facial attack on the jurisdiction occurs when factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Id.* A factual attack on subject matter jurisdiction occurs when defendants challenge the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733. In a factual attack, plaintiff is not entitled to any presumptions or truthfulness with respect to the allegations in the complaint, and instead must present evidence to establish subject matter jurisdiction. *Id.*

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court construes the allegations in the complaint in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Abstention Under the *Pullman* Doctrine.**

In response to the motion to dismiss, Plaintiff seeks to have this Court abstain from deciding this matter and to stay this action pending resolution of the State Court Action. Defendants agree.

The equitable doctrine created by *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941) ("*Pullman*"), allows federal courts to refrain from deciding sensitive federal constitutional issues when state law issues may moot or narrow those constitutional questions. *Pullman* abstention is appropriate where "(1) the federal plaintiff's complaint requires resolution of a sensitive question of federal constitutional law; (2) the constitutional question could be mooted or narrowed by a definitive ruling on the state law issues; and (3) the possibly determinative issue of state law is unclear." *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998) (citations omitted). The *Pullman* abstention doctrine "is a narrow exception to the district court's duty to decide cases properly before it." *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir. 2001). *Pullman* allows for the "postponement of the exercise of federal jurisdiction when 'a federal constitutional issue . . . might be mooted or presented in a different

3

posture by a state court determination of pertinent state law.'" *Id.* (citing *Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir. 1984)). A federal plaintiff may invoke the *Pullman* abstention doctrine, and if the district court agrees, the "federal plaintiff must then seeks a definitive ruling in the state courts on the state law questions before returning to the federal forum." *San Remo Hotel*, 145 F.3d at 1104 (citations omitted). "By abstaining in such cases, federal courts "avoid both unnecessary adjudication of federal questions and needless friction with state policies." *Columbia Basin*, 268 F.3d at 802 (citing *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 236 (1984)). "When a court abstains in order to avoid unnecessary constitutional adjudication . . . it is not seeking to protect the rights of one of the parties; it is seeking to promote a harmonious federal system by avoiding a collision between the federal courts and state (including local) legislatures." *Id.* at 1105 (quoting *Waldron v. McAtee*, 723 F.2d 1348, 1351 (7th Cir. 1983)).

Both parties agree that the *Pullman* doctrine is properly invoked as the claims eliciting resolution of sensitive questions of federal constitutional law in this matter will depend in large part on the determination of state law issues presented in the State Court Action. There is no dispute that the landlord-tenant regulation and land use planning decisions "touch a sensitive area of social policy" that meets the first requirement for *Pullman* abstention. *Columbia Basin*, 268 F.3d at 802 (citations omitted); *see also San Remo*, 145 F.3d at 1105. The second factor for abstention is met because the determination of the validity of Defendants' adjudicatory decisions regarding the Permit and its legislative decisions promulgating the Interim Controls, may eliminate or narrow the scope of whether such conduct violates the federal Constitution. Lastly, the determinative state law issues regarding Defendants' alleged conduct remains unadjudicated and unclear.

If the Court abstains under *Pullman*, "retention of jurisdiction, and not dismissal of the action, is the proper course." *Santa Fe Land Improvement Co. v. City of Chula Vista*, 596 F.2d 838, 841 (9th Cir. 1979). "Once *Pullman* abstention in invoked by the district court, the federal plaintiff must then seeks a definitive ruling in the state courts on the state law questions before returning to the federal forum." *San Remo*, 145 F.3d at 1104 (citations omitted). Accordingly, the Court GRANTS IN PART Defendants' motion to dismiss, abstains from deciding the merits of the matter, and stays this action.

4

**CONCLUSION**

Based on the foregoing, the Court GRANTS IN PART Defendants' motion to dismiss and agrees with both parties that the proper course is to abstain pursuant to *Pullman*. Accordingly, the Court STAYS this matter pending resolution of the underlying State Court Action. The Court shall the Court administratively close this case. The parties shall jointly report the status of the State Court Action every 120 days and no later than 10 days after the issuance of a final order in that action.

**IT IS SO ORDERED.**

Dated:   September 28, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE