IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

1049 MARKET STREET LLC,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

No. C 15-02075 JSW

**ORDER DENYING MOTION TO DISMISS STATE LAW CLAIMS**

    This matter comes before the Court upon consideration of the motion for an order of dismissal of state law claims under 28 U.S.C. Section 1367 filed by 1049 Market Street, LLC ("Plaintiff"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and having had the benefit of oral argument, the Court HEREBY DENIES the motion to dismiss the claims.

**BACKGROUND**

    This case involves a local land use dispute between the owners of 1049 Market Street and the City and County of San Francisco (the "City"), the Board of Supervisors of the City and County of San Francisco, the Planning Department of the City and County of San Francisco, the San Francisco Department of Building Inspection, the San Francisco Building Inspection Commission, and the San Francisco Board of Appeals (collectively, "Defendants"). Plaintiff owns a six-story building on Market Street in San Francisco that was originally constructed for commercial use but has, over the years, been converted to live-work spaces, largely without permits from the City. Upon receiving complaints about the building, the City commenced complex enforcement proceedings against

Plaintiff.

Plaintiff initially filed two complaints, one before this Court and one in the Superior Court of the County of San Francisco ("State Court Action"), challenging the same conduct and seeking the same or similar relief. Each of the lawsuits challenges the City's adoption of the Interim Controls. Later, in order to expedite its writ claims for trial, Plaintiff filed a second state lawsuit on August 3, 2015 for damages. (Request for Judicial Notice, Ex. C.)[1]

In response to Defendants' earlier motion to dismiss, Plaintiff agreed to have this Court abstain from deciding the matter and asked that the Court stay this action pending resolution of the State Court Action. The Court issued an order on September 28, 2015 and, pursuant to the equitable doctrine created by *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941) ("*Pullman*"), granted the parties' request to refrain from deciding any sensitive federal constitutional issues when state law issues might moot or narrow those constitutional questions. *See 1049 Market Street LLC v. City and County of San Francisco*, 2015 WL 5676019, at *2 (N.D. Cal. Sept. 28, 2015).

Now, Plaintiff seeks to dismiss its state law causes of action pursuant to 28 U.S.C. Section 1367. Since the Court's earlier order under *Pullman*, the City has enacted permanent versions of the interim 2015 Controls, now the Permanent Controls, and Plaintiff has filed a fourth lawsuit in San Francisco Superior Court. Further, Plaintiff has represented that it will seek leave to file an amended complaint in the state court damages action to reflect this new development. Because the Permanent Controls have now replaced the 2015 Interim Controls, and the relief Plaintiff seeks is substantially similar, Plaintiff seeks an order to dismiss the redundant state law claims in this matter pursuant to 28 U.S.C. Section 1367, then to allow it to voluntarily dismiss the remaining federal claims, and subsequently to pursue all claims in state court, while preserving the statute of limitations for all claims pursuant to 28 U.S.C. Section 1367(d).

The Court will address additional specific facts in the remainder of this order.

## ANALYSIS

First, the parties disagree over whether the Court has already dismissed the state law causes of action. By issuing its order to abstain, partially granting Defendants' motion to dismiss and

---

[1] The Court GRANTS the request for judicial notice. *See* Fed. R. Evid. 201(b).

staying this matter, the Court necessarily dismissed the state law causes of action. A district court abstaining under *Pullman* must dismiss the state law claim and stay its proceedings on the constitutional question until a state court has resolved the state issue. *See Cedar Shake & Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 622 (9th Cir. 1993). The Court explicitly granted in part the motion to dismiss and stated that it awaited "a definitive ruling in the state courts on the state law questions before returning to the federal forum." *See 1049 Market Street*, 2015 WL 5676019, at *2 (citing *San Remo Hotel v.City and County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998)). For this reason, Plaintiff's motion to dismiss the state law causes of action and to seek an order suspending the statute of limitations is DENIED.[2]

Second, it is not clear that the writ causes of action actually stated claims under state law. Regardless, the parties agreed at oral argument on this motion that the same conduct and nucleus of operative fact is pending before the state courts in the lawsuits pending there. To the extent Plaintiff seeks to amend those state actions to reflect the current status regarding the adoption of the Permanent Controls, it may seek such amendment in state court.

Lastly, even if the Court's previous order had not somehow already dismissed the redundant state law causes of action, this Court has not yet dismissed the federal claims that remain before it. With the federal claims still remaining before this Court, even if the Court had somehow retained the pendent state law claims after abstention, Section 1367(d) does not apply to toll the statute of limitations. The only authority cited by either party provides that Section 1367(d) applies only where, pursuant to Section 1367(c), "a federal court declines to exercise supplemental jurisdiction over state law claims *after dismissing the federal claims*." *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.*, 878 F. Supp. 2d 1009, 1019 (C.D. Cal. 2011) (emphasis added) (citing cases). The only precedent before this Court is the federal courts' decision whether to continue to exercise supplemental jurisdiction over state law claims *after* the federal claims have

---

[2] Plaintiff's counsel conceded at oral argument that it was not Plaintiff's intention to dismiss the state law causes of action when seeking abstention, although by operation of law, the exercise of the *Pullman* doctrine so necessitates. Plaintiff's counsel also acknowledged that the original complaint in this matter was not the model of clarity, and was not certain that the writ causes of action actually stated claims under state law, as opposed to state procedural mechanisms, effectively comprising federal claims.

3

already been dismissed. *See, e.g., Jinks v. Richland County*, 538 U.S. 456, 459 (2003). Having no specific authority to exercise its discretion to dismiss state law claims and suspend the statute of limitations on those claims while federal law claims remain, the Court declines to so hold.

In order to preserve Plaintiff's rights to maintain the remaining federal causes of action before this Court, the Court DENIES the motion to dismiss and STAYS this matter pending resolution of the underlying State Court Action. The Court shall again administratively close this case. The parties shall jointly report the status of the State Court Action every 120 days and no later than 10 days after the issuance of a final order in that action.

**IT IS SO ORDERED.**

Dated: November 7, 2016

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE